

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 6, 1971

Honorable J. O. Duncan          Opinion No. M-965
District Attorney
Upshur County Courthouse        Re:  Duties of County Clerk of
Gilmer, Texas                        Upshur County in issuing
                                     checks for County payroll and
Dear Mr. Duncan:                     other expense items.

You have requested our opinion in answer to the
following questions quoted from your letter, in view of the
provisions of Senate Bill 792, Acts of the 62nd Legislature,
Regular Session, 1971, Chapter 467, page 1654, amending Article
1709 and enacting Article 1709a, Vernons Civil Statutes. [1]

1.   "Is it the responsibility and does the
County Clerk of Upshur County continue the writing
of payroll checks as heretofore performed by this
office?

2.   "Does the County Clerk of Upshur County con-
tinue to write checks in payment of any and all
other bills approved by the Commissioners' Court of
Upshur County, Texas?"

Senate Bill 792 reads, in part, as follows:

"An Act amending Article 1709, Revised Civil
Statutes of Texas, 1925, as amended, providing for
the receiving, safekeeping and disbursing of all
moneys belonging to the county by the County Trea-
surer; prescribing and clarifying the duties of the
County Treasurer pertaining thereto; making said
duties applicable to each County Treasurer of the
State; making tnem chief custodians of county moneys
and liable for any wilful dereliction of duty or
misuse of funds; pertaining to duties of other

[1] All references to Articles are to Vernons Civil Statutes,
unless otherwise stated.

officers with responsibilities related to county moneys; providing a severability clause; providing a clarifying clause; and declaring an emergency.

Be it enacted by the Legislature of the State of Texas:

"Section 1. Article 1709, Revised Civil Statutes of Texas, 1925, is amended so as to read as follows:

"The County Treasurer, as chief custodian of county finance, shall receive all moneys belonging to the county from whatever source they may be derived; keep and account for the same in a designated depository or depositories; and pay and apply or disburse the same, in such manner as the Commissioners Court may require or direct, not inconsistent with constituted law. Said court may provide funds for adequate personnel and proper media that would enable the treasurer to perform such constituted duties. Upon failure to perform such duties the treasurer shall be guilty of dereliction of duty and subject to prosecution.

"Section 2. From and after the effective date of this Act, the County Treasurer in each county of this State shall receive all moneys belonging to the county from whatever source they may be derived. Clarification as to moneys and mode and manner of receipt thereof not inconsistent with existing laws follows:

"(a) All fees, commissions, funds and moneys belonging to the county shall be turned over to the County Treasurer by the officer who collected them, in the manner prescribed in Chapter 98, Acts of the 43rd Legislature, 1933, as amended (Article 1656a, Vernon's Texas Civil Statutes). Such deposit of funds in the county treasury shall not in any wise change the ownership of any fund so deposited, except to indemnify said officer and his bondsman or other owners of such funds during the period of deposit with the county. (emphasis added.)

". . .

"Section 4. From and after the effective date of this Act the County Treasurer in each county shall disburse all moneys belonging to the county, for

whatever purpose they may be claimed, and shall pay and apply the same as required by law. No moneys shall be expended or withdrawn from the county treasury except by checks or warrants drawn on the county treasury, whether such moneys are in a county depository as required by law or not. Clarification of mode and manner of disbursement not inconsistent with existing laws follows:

". . .

"(d) Warrants: It shall be the duty of the County Treasurer, upon presentation to him of any warrant, check, voucher, or order drawn by the proper authority if there be funds sufficient for payment thereof on deposit in the account against which such warrant is drawn, to endorse upon the face of such instrument his order to pay same to the payee named therein and to charge the same on his books to the fund upon which it is drawn as provided in Article 2554, Revised Civil Statutes of Texas, 1925, as amended. The County Treasurer is not authorized to issue nor is the county depository authorized to pay a check drawn on the county depository to take up a warrant drawn by a proper authority, but the County Treasurer must, when such a warrant is presented to him, endorse it and deliver it to the payee for the payee to present to the county depository for payment. . . .. (emphasis added).

"(e) All warrants issued against the County Treasurer by any judge or court shall be signed and attested by the clerk or judge of the court issuing the same under his official seal as provided in Article 1643, Revised Civil Statutes of Texas, 1925. No Justice of the Peace shall have authority to issue warrants against the County Treasurer for any purpose whatever, except as provided in the Code of Criminal Procedure."(emphasis added).

". . .

Our opinion is that the Legislature has not changed the duties of the County Clerk. It has enlarged the provision of Article 1709 to include much of the language of other statu which also control the duties of the County Clerk as well as other County officials.

A full reading of the caption and body of Senate Bill 792 clearly shows that there is no legislative intent to repeal either expressly or by implication existing statutes governing the duties of the County Clerk or other county officals. Specific references are made throughout the bill to existing statutes for the purpose of clarification or in corporation of procedures or provisions of those statutes into Senate Bill 792. Where there is no express repeal, the presumption is that in enacting a new law the Legislature intended the old statutes to remain in operation. 53 Tex.Jur. 2d 150, Statutes, Sec. 102. It is also a settled rule of statutory construction that statutes that deal with the same general subject, or relate to the same general purpose, shall be considered in pari materia in order to give effect to all laws and provisions bearing on the same subject. 53 Tex.Jur. 2d 283, Statutes, Sec. 186.

In Section 4(d) of Senate Bill 792 the Legislature has set out the duty of the County Treasurer to be the same as set out in Article 2554, which reads in part as follows:

> "It shall be the duty of the county treasurer upon the presentation to him of any warrant, check, voucher, or order drawn by the proper authority, if there be funds sufficient for the payment thereof on deposit in the account against which such warrant is drawn, to endorse upon the face of such instrument his order to pay the same to the payee named therein and to charge the same on his books to the fund upon which it is drawn . . . ." (emphasis added).

Attorney General Opinion No. O-4462 (1942) held that under the provisions of Article 2554, the County Treasurer is not authorized to draw a check upon the county depository but is required to endorse the warrant drawn by proper authority as required by said statute. Under the provisions of Article 1656a, 3912e and 3912e-4, the County Clerk is authorized to issue county warrants in payment of salaries and authorized expenses incurred in the conduct of his office. Attorney General Opinion No. M-299 (1968).

Article 1643 reads as follows:

> "All warrants or scrip issued against the county treasurer by any judge or court shall be signed and attested by the clerk or judge of the court issuing the same, under his official seal.

> No justice of the peace shall have the
> authority to issue warrants against the
> treasury for any purpose whatever, except
> as provided in the Code of Criminal Pro-
> cedure."

Section 4(e) of Senate Bill 792, is identical in lang-
uage to Article 1643.  It requires that all warrants issued ag-
ainst the County Treasury by any judge or court order shall be
signed and attested by the clerk or judge of the court as pro-
vided in Article 1643.  Attorney General's Opinion No. O-6613 (1945)
held that under the provisions of Article 1643 all lawful county
funds in the custody of the County Treasurer are subject to the
lawful orders of the Commissioners Court and that under the
authority of Article 1643 the Legislature contemplated the is-
suance of warrants against  the County Treasurer by the County
Clerk.  Having placed the same language of Article 1643 and
2554 in Senate Bill 792, we hold that the enactment of Senate
Bill 792 has made no change in the duties of the office of
County Clerk of Upshur County, and both of your questions are
answered in the affirmative.

## S U M M A R Y

Senate Bill 792, Acts 62nd Legislature, R.S.,
1971, amending Article 1709 and enacting Article
1709a, V.C.S., has made no changes in the duties
of the County Clerk of Upshur County to write war-
rants in payment of the salaries of county employees
and county bills authorized by law and approved by the
commissioners court.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney

APPROVED
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman